## WHITE v. TOWN OF MARSHFIELD.

### *Towns.    Selectmen.*

The duties imposed and powers conferred upon selectmen by c. 99 of the Gen. Sts. when persons are infected with small-pox, are not imposed and conferred upon the town as such, and the town is not liable for the acts or default of its selectmen in that behalf.

CASE for neglect and refusal of defendant's selectmen to take care of and provide for plaintiff as the statute required while plaintiff was infected with the small-pox in defendant town, by reason whereof said disease was communicated to plaintiff's wife and four children, whereby three of said children died.  General demurrer to the declaration.

The court, at the March Term, 1875, REDFIELD, J., presiding, sustained the demurrer, adjudged the declaration insufficient, and rendered judgment that the defendant recover its costs. Excepceptions by plaintiff.

*Gleason & Field*, for the plaintiff, cited Gen. Sts. c. 99, ss. 1, 2, 3.

*J. P. Lamson*, for the defendant, cited *Baxter* v. *Winooski Turnpike Co.* 23 Vt. 114; *State* v. *Burlington*, 36 Vt. 521; *Hutchinson* v. *Concord*, 41 Vt. 271; *Mower* v. *Leicester*, 9 Mass. 247.

The opinion of the court was delivered by

BARRETT, J. The only provisions of statute as to small-pox are in c. 99. No duty is prescribed for the town as such to perform. Certain duties are imposed, and certain powers are conferred, on the selectmen. They might as well have been imposed and conferred on any other set of officers or persons. The selectmen are designated mainly because they would be in constant existence to answer the designation, and would be likely to be discreet and proper men to act in the matter, and, as citizens, would be as much interested to see that the matter was properly attended to, as anybody in town, having reference to the calls and interests of humanity on the one hand, and the treasury of the town on the other. The town is subjected to a specified liability in certain events, depending on the action of the selectmen; but no duty is imposed on it as a town, to be performed by the selectmen and for default in which the town is to be liable.

If there is any liability for default in the duty prescribed by the statute, it is personal upon those who have been guilty of such default. But we are not to be understood as intimating that such liability would be incurred under the statute. It will be seasonable to pass on that point when it shall be involved in a case before the court for decision.

It is plain on common principles that the town could not be subjected for acts or defaults of the selectmen, except in reference to duties imposed by law on the town. Such is not this case.

Judgment affirmed.